OPINION
{¶ 1} Timothy Cargle, Jr. is appealing from the sentences imposed upon him in two different cases for two separate offenses, both of aggravated robbery with a firearm specification, committed on two different days.
 {¶ 2} Cargle pled guilty in both cases. In case no. 02-CR-00538, the court imposed a midrange five-year prison sentence plus two years on the firearm specification to be served consecutively with each other. In the second case, 02-CR-00620, the same sentence was imposed upon Cargle, but ordered to be served consecutively with the sentence in the first case.
 {¶ 3} On appeal, Cargle argues first that the court erred in imposing a greater than minimum sentence without making any of the findings required by R.C. 2929.14(B).
 {¶ 4} In the second case, Cargle argues that the court erred in imposing consecutive sentences for the two offenses for the two cases without making the findings required by R.C. 2929.14(E)(4) or presenting any reasons as required by R.C. 2929.19(B)(2)(c). That the sentence for the firearms specification was to be served consecutively is not an issue.
 {¶ 5} The State has conceded these errors, which the record demonstrates, and asks this court to remand both cases for re-sentencing. Cargle, on the other hand, asks this court to modify his sentences and enter a three-year minimum sentence for each offense to be served concurrently and add the three-year firearm specification to be served consecutively, for an aggregate total of six years. This court refuses to do that for the reason that upon remand, the trial court may possibly make the required findings and state its reasons to support the sentences that were, in fact, imposed from which Cargle is appealing.
 {¶ 6} The judgments as to the sentences in both cases are hereby reversed, and the matter (both cases) is remanded back to the trial court for re-sentencing.
WOLFF, J. and GRADY, J., concur.